Paul R. Niehaus (PN-3994)
HANIFY & KING, P.C.
*Of Counsel to the Firm*
1359 Broadway, Suite 2001
New York, New York 10018
(212) 631-0223

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/3/09
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X

BLAIR C. FENSTERSTOCK, CONSTANCE : Civil Action No. 09-cv-6670(HB)
J. THOMAS, a.k.a. CONSTANCE J.             :
FENSTERSTOCK, *and all others*             :
*similarly situated,*                      :
                                           :
    Plaintiffs,                       : STIPULATION
                                           :
    -against-                          :
                                           :
VERIFIED IDENTITY PASS, INC., STEVEN       :
BRILL, and DOE DEFENDANTS 1-25,            :
                                           :
    Defendants.                        :
----------------------------------------------------------X

IT IS HEREBY STIPULATED AND AGREED, by and between Defendant Verified Identity Pass, Inc. and Plaintiffs Blair C. Fensterstock and Constance J. Thomas (a.k.a. Constance J. Fensterstock) ("Plaintiffs"), by and through their undersigned attorneys that:

    1.    Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order, brought on by Order to Show Cause entered July 23, 2009 in the state court action *Fensterstock, et al. v. Verified Identity Pass, Inc., et al.*, New York Supreme Court, New York County, Index No. 602123/2009, is hereby withdrawn without prejudice; and it is further stipulated that

    2.    Verified Identity Pass, Inc., its agents, officers, employees, successors, assigns, and all persons acting in concert with them or on their behalf (collectively, "VIP") shall not use, sell, license, divulge, transfer, or share with any third party any Confidential Data (defined as VIP's customers' fingerprints, iris and retinal scans, photographs, Social Security numbers, and

sensitive and confidential financial information) for any purpose other than to operate a Transportation Security Administration-approved Registered Traveler Program; and it is further stipulated that

    3.    Notwithstanding the above paragraph, VIP shall be permitted to discuss the Confidential Data with third parties for the purpose of evaluating, negotiating or facilitating a corporate transaction the purpose of which is to operate a TSA-approved Registered Traveler Program (a "Transition Transaction"); provided that prior to discussing the Confidential Data with any third party in connection with a Transition Transaction, VIP will obtain a confidentiality agreement from the third party prohibiting the third party from using the Confidential Data for any purpose other than to evaluate the Transition Transaction; and it is further stipulated that

    4.    Prior to selling, licensing, or transferring any Confidential Data to any third party for purposes of utilizing the Confidential Information to operate a TSA-approved Registered Traveler Program, VIP will provide Plaintiffs with ten (10) business days' notice; and it is further stipulated that

[CONTINUED ON NEXT PAGE]

5. Execution of this Stipulation may be effectuated by facsimile or e-mail.

July 31, 2009
New York, New York

HANIFY & KING, P.C.

*signature*

Paul R. Niehaus
*Of Counsel to the Firm*
1359 Broadway, Suite 2001
New York, NY 10018
Tel. (212) 631-0223
Fax (212) 624-0223
*Attorneys for Defendant*
*Verified Identity Pass, Inc.*

SO ORDERED:

*signature*

Hon. Harold Baer, Jr., U.S.D.J.
August 2, 2009

July 31, 2009
New York, New York

FENSTERSTOCK & PARTNERS LLP

*signature*

Blair C. Fensterstock
Michael T. Phillips, II
30 Wall Street, 9th Floor
New York, New York 10005
Tel. (212) 785-4100
*Attorneys for Plaintiffs and the Proposed Class*