UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BLAIR C. FENSTERSTOCK, CONSTANCE J.
THOMAS, a.k.a. CONSTANCE J.
FENSTERSTOCK, *and all others similarly
situated*,

                              Plaintiffs,         Civil Action No.: 09-CV-6670

                 v.

VERIFIED IDENTITY PASS, INC., STEVEN
BRILL, and DOE DEFENDANTS 1-25,

                              Defendants.
------------------------------------------------------------x
STEPHEN W. PERKINS, NORMAN STOEHR,
CATHERINE STOEHR, DAVID SCHAPIRO,
STACEY SCHAPIRO, MARIELLEN BAKER,
SANSOO WESLEY PARK, WILLIAM
WHETSTONE, RICHARD LUCKETT, MARK
NATHAN, MATTHEW DELANEY, PETER
NATHAN, LOIS NATHAN, JOHN D.
WILGEROTH, KERRY B. HOGGARD, MIKE
BERKLEY, DAVID GOLDBERG, PAUL
BRAOUDAKIS, AARON LAMBERT,
KIMBERLY QUAN, STUART SCHAPIRO, JOAN
SCHAPIRO, JAMES B. BLACK, *and all others
similarly situated*,

                              Plaintiffs,         Civil Action No.: 09-CV-06416-RJH

                 v.

VERIFIED IDENTITY PASS, INC., and Doe
Defendants 1-25,

                              Defendants.

```
-------------------------------------------------------------x
```
WILLIAM POLESE, Individually And On Behalf
Of All Persons Similarly Situated,

                Plaintiffs,      Civil Action No.: 09-CV-06416-RJH

        v.

VERIFIED IDENTITY PASS, INC., and DOES 1-50,

                Defendants.
```
-------------------------------------------------------------x
```
MARILYN MEDDLES, on behalf of herself and all others similarly situated,

                Plaintiffs,      Civil Action No.: 09-CV-6669

        v.

VERIFIED IDENTITY PASS, INC., and JOHN DOES 1-20,

                Defendants.
```
-------------------------------------------------------------x
```
ROBERT HARWOOD, on behalf of himself and all others similarly situated,

                Plaintiffs,      Civil Action No.: 09-CV-6678

        v.

VERIFIED IDENTITY PASS, INC.,

                Defendant.
```
-------------------------------------------------------------x
```

LEE FRIEDMAN, KENNETH GREENBERG, MARCEL KUNZ, and JOHN G. REAMS, Individually And On Behalf Of All Persons Similarly Situated,

                              Plaintiffs,      Civil Action No.: 09-CV-6694

     v.

VERIFIED IDENTITY PASS, INC., and DOES 1-50,

                              Defendants.
------------------------------------------------------------x

DELMAR S. DUKES, on behalf of himself and all others similarly situated,

                              Plaintiffs,      Civil Action No.: 09-CV-6947

     v.

VERIFIED IDENTITY PASS, INC.,

                              Defendant.
------------------------------------------------------------x

# TABLE OF CONTENTS

Page

Table of Authorities .................................................................. ii

I.   INTRODUCTION ............................................................... 3

II.  PROCEDURAL BACKGROUND ........................................ 6

III. CONSOLIDATION OF ALL RELATED CASES PURSUANT TO RULE 42(A) OF THE FEDERAL RULES OF CIVIL PROCEDURE WILL PROMOTE JUDICIAL ECONOMY ....................................................................... 7

IV.  FENSTERSTOCK & PARTNERS LLP SHOULD BE APPOINTED INTERIM CO-LEAD COUNSEL FOR THE CLASS ................................ 8

     A.  Fensterstock & Partners Has Completed Comprehensive Work On This Case ........................................................... 8

     B.  Fensterstock & Partners Offers Substantial Experience To This Case ......... 9

V.   CONCLUSION ................................................................ 10

## **TABLE OF AUTHORITIES**

**Page**

### **FEDERAL STATUTES**

Fed. R. Civ. P. 23(g)(1)(A) .................................................... 9

Fed. R. Civ. P. 23(g)(1)(B) .................................................... 9

Fed. R. Civ. P. 23(g)(3) ....................................................... 9

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE RELATED CASES AND APPOINT INTERIM LEAD COUNSEL FOR THE PUTATIVE CLASS

Plaintiffs Blair C. Fensterstock and Constance J. Fensterstock respectfully request that this Court appoint Fensterstock & Partners LLP as Interim Lead Counsel for the putative class.[1]

## I.  INTRODUCTION

Currently before this Court are seven class action cases on behalf of a putative class of customers that purchased memberships in Verified Identity Pass, Inc's ("VIP") Clear Program ("Clear") and who, pursuant to contractual agreements, were enrolled as Clear members as of June 22, 2009 (the "Class"), the date on which VIP abruptly discontinued operations and announced that no refunds of any membership fees would be provided.

VIP's Clear service was an airport check-in membership program which provided "fast lanes" in airports that allowed its members to bypass long check-in lines and proceed directly to airport screening. The service was authorized by the Transportation Security Administration as part of its "Registered Traveler" program. Upon information and belief, more than 250,000 customers submitted confidential personal information, such as their social security numbers, biometric information such as fingerprints, retinal and iris scans, financial information, and personal photographs to VIP in order to become a member of the Clear service and bypass the long lines of airport security check-in. Pursuant to the express terms of the Membership Agreement entered into between each member and VIP, if a member terminated his or her membership or was otherwise terminated from Clear, a pro-rated amount for the unexpired portion of his or her membership would

---

[1]  Except with respect to the appointment of interim lead counsel, Plaintiffs do not oppose or object to the motions for the consolidation of the Related Cases filed in the *Harwood*, *Perkins*, *Dukes*, *Friedman*, and *Polese* cases before this Court.

1

be refunded and his or her confidential information would be securely destroyed. However, when VIP abruptly ceased operations no refunds were offered and VIP threatened to sell the confidential information to another airport security service.

On June 22, 2009, without warning,[2] VIP closed down its operations at airports, leaving paper notes to that effect at its airport "fast lanes," and notified Plaintiffs and other Clear customers that VIP was shutting down operations immediately. VIP advised Plaintiffs and the Class, in an e-mail as well on its website, that VIP "was unable to negotiate an agreement with its senior creditor to continue operations." VIP also disclosed that, although it had not filed for bankruptcy, it could not issue refunds to Clear members due to the Company's financial condition.

In a June 26, 2009 e-mail to members and on its website, VIP also threatened to sell the sensitive personal information of the Plaintiffs and the Class. This would be in direct contravention of the Clear Privacy Policy incorporated in the Membership Agreement, which guaranteed that VIP would never use the sensitive personal information except for the exclusive provision of the Clear program.

As set forth in the complaints in the seven Related Cases, Defendants, who marketed and sold Clear memberships to the Class, wrongfully converted monies of Plaintiffs and the Class, defrauded Plaintiffs and the Class, breached contracts with Plaintiffs and the Class, committed misleading acts and practices against Plaintiffs and the Class, acted negligently with respect to Plaintiffs and the Class, and were unjustly enriched at the expense of Plaintiffs and the Class.

---

[2] Not only did VIP not warn customers of its impending shutdown, but VIP continued to aggressively market, promote, sell and renew Clear memberships right up until June 22, 2009.

2

Plaintiffs herein seek an Order pursuant to Rule 42(a) of the Fed. R. Civ. P. Consolidating the Related Cases (defined below) and all later filed consumer class actions involving similar facts and legal issues which may be filed in the Southern District of New York. Consolidation is warranted given the similarities of the actions, to facilitate judicial economy, and to ensure the orderly prosecution of the claims filed against defendants.

Plaintiffs also seek an Order pursuant to Rule 23(g)(2)(A) appointing Fensterstock & Partners LLP as interim Lead Counsel to prosecute the Related Cases once consolidated. Plaintiffs believe that the appointment of this firm will contribute to the efficient prosecution of the Related Cases.

Proposed Lead Counsel brings experience, resources, and the ability to lead these putative class actions and to coordinate work among counsel. Proposed Lead Counsel have notable accomplishments in complex litigation and in class actions, including its service as Liaison Counsel for the plaintiffs' cases arising out of the 1993 World Trade Center bombing. Because of this experience, and because Managing Partner Blair Fensterstock is himself a Plaintiff and member of the Class, Proposed Lead Counsel is certain to vigorously and efficiently prosecute these class actions to a just and successful conclusion. Fensterstock & Partners should be appointed Interim Lead Counsel for the putative Class.

## II.     PROCEDURAL BACKGROUND

On July 9, 2009, Fensterstock & Partners filed *Fensterstock et al. v. Verified Identity Pass, Inc., et al.,* in the Supreme Court of the State of New York, raising eleven causes of action against Defendants, more than any other complaint filed, in a comprehensive securing of the Class's potential rights. The *Fensterstock* case was also the first to seek injunctive relief in order to protect the confidential data from its unlawful sale to another company by VIP. On July 23, 2009,

Fensterstock & Partners filed a motion for an Order to Show Cause for a preliminary injunction and temporary restraining order (the "OSC Motion"), prohibiting VIP from selling, transferring, licensing, or otherwise disclosing the sensitive personal information of Plaintiffs and the Class to any person or entity in contravention of its Privacy Policy and Membership Agreement. This motion was the first filed in any of the Related Cases in an effort to immediately secure the confidential data of the Class.

The *Fensterstock* OSC Motion led to the July 31, 2009 Stipulation (the "*Fensterstock* Stipulation") between the *Fensterstock* plaintiffs and VIP, in which VIP guaranteed, among other provisions, (1) that VIP would not use, transmit, sell, license, or otherwise divulge the Class's confidential information except for the provision of a Transportation Security Administration-approved Registered Traveler program; and (2) that VIP would provide Plaintiffs with ten days notice should VIP sell, license, or otherwise transfer the Class' confidential information to any third party for the provision of a Registered Traveler program.

Since the filing of the OSC Motion, Plaintiffs' Counsel in the *Fensterstock* action have had discussion by telephone with counsel for VIP regarding the efficient management of this case.

### III. CONSOLIDATION OF ALL RELATED CASES PURSUANT TO RULE 42(A) OF THE FEDERAL RULES OF CIVIL PROCEDURE WILL PROMOTE JUDICIAL ECONOMY

Plaintiffs seek the consolidation of the following Related Cases pursuant to Rule 42(a) of the Federal Rules of Civil Procedure:

| Case Name | Case Number | Date Filed | Judge |
|---|---|---|---|
| *Fensterstock et al. v. Verified Identity Pass, Inc. et al.* | 1:09cv06670 | 07/09/2009 | Holwell (removed to SDNY 7/27/2009) |

| Case Name | Case Number | Date Filed | Judge |
|---|---|---|---|
| *Harwood v. Verified Identity Pass, Inc., et al.* | 1:09cv06678 | 06/25/2009 | Unassigned (refiled to SDNY 7/28/2009) |
| *Perkins v. Verified Identity Pass, Inc., et al.* | 1:09cv05951 | 06/29/2009 | Holwell |
| *Meddles v. Verified Identity Pass, Inc., et al.* | 1:09cv06669 | 07/02/2009 | Unassigned (removed to SDNY 7/28/2009) |
| *Polese v. Verified Identity Pass, Inc., et al.* | 1:09cv06416 | 07/17/2009 | Holwell |
| *Friedman et al. v. Verified Identity Pass, Inc., et al.* | 1:09cv06694 | 07/28/2009 | Unassigned |
| *Dukes v. Verified Identity Pass, Inc.* | 1:09cv06947 | 08/06/2009 | Unassigned |

On August 10, 2009, the plaintiffs in the *Friedman* and *Polese* cases jointly filed a motion to consolidate these seven Related Actions. On August 14, 2009, the plaintiffs in the *Harwood*, *Perkins*, and *Dukes* cases jointly filed a motion to consolidate these same seven cases. The Plaintiffs in the *Fensterstock* case do not oppose the consolidation of the Related Cases.

### IV.    FENSTERSTOCK & PARTNERS LLP SHOULD BE APPOINTED INTERIM CO-LEAD COUNSEL FOR THE CLASS

Fed. R. Civ. P. 23(g)(3) states that this Court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Rule 23(g) establishes the criteria through which this Court may appoint Lead Counsel for the Class. The Court "must consider" the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). The Court "may

5

consider" other matters "pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

### A. *Fensterstock & Partners Has Completed Comprehensive Work On This Case*

Fensterstock & Partners has thoroughly and expeditiously worked on this case, identifying and investigating potential claims of the Class. As explained in the Procedural Background *supra*, the *Fensterstock* Complaint was the first complaint filed to include causes of action seeking injunctive relief to secure the Class's confidential information, which VIP has threatened to sell. The *Fensterstock* Complaint raises eleven causes of action, more than any other complaint filed, in a comprehensive investigation and securing of the Class's potential rights. The *Fensterstock* Complaint is also the only complaint raising the equitable cause of action of the imposition of a constructive trust, should VIP be permitted to "sell" the Class's confidential data (data VIP does not own) to a third party.

Fensterstock & Partners was also the first to seek immediate injunctive relief to secure the Class's confidential information, with the filing of its July 23, 2009 OSC Motion. Through the OSC Motion, Fensterstock & Partners secured the *Fensterstock* Stipulation with VIP on July 31, 2009, in which VIP guaranteed, among other provisions, (1) that VIP would not use, transmit, sell, license, or otherwise divulge the Class's confidential information except for the provision of a Transportation Security Administration-approved Registered Traveler program; and (2) that VIP would provide Plaintiffs with ten days notice should VIP sell, license, or otherwise transfer the Class' confidential information to any third party for the provision of a Registered Traveler program.[3]

---

[3]   Kaplan Fox filed their motion for a preservation order and preliminary injunction approximately two weeks after the *Fensterstock* OSC Motion was filed and approximately one week after the

Fensterstock & Partners has also entered into a Stipulation extending the time for VIP's Answer to the Complaint. VIP has until August 28, 2009.

### B.     *Fensterstock & Partners Offers Substantial Experience To This Case*

Fensterstock & Partners offers substantial experience, resources, and skill coordinating counsel. *See* The Declaration of Blair Fensterstock in Support of Motion to Consolidate Related Cases and Appoint Interim Lead Counsel for the Putative Class (the "Fensterstock Declaration"), Exhibit 1. As Liaison Counsel for the plaintiffs' cases arising out of the 1993 World Trade Center bombing, the Managing Partner of Fensterstock & Partners, Blair Fensterstock effectively managed and communicated with counsel and led the plaintiffs' cases through a successful trial on liability. *See* the Fensterstock Declaration, ¶2, Exhibit 2. Mr. Fensterstock has been described by Judge Baer of the Southern District of New York as "an accomplished litigator generally and is experienced in complex commercial litigation." *See* the Fensterstock Declaration, ¶2, Exhibit 3. Partner Daniel McDonald served as Regional Steering Counsel for the silicone gel breast implant litigation. Partner Cyrus Diamond served with Mr. Fensterstock on the Plaintiffs' Steering Committee for the 1993 World Trade Center bombing cases. *See* the Fensterstock Declaration, ¶2, Exhibit 1.

Fensterstock & Partners is a nationally recognized law firm in complex commercial litigation and is recognized as a leader for its successful prosecution of abusive tax shelter cases. Fensterstock & Partners' attorneys have substantial experience in complex commercial litigation and an enviable success record. A list of some of Fensterstock & Partners' reported cases, as well as a firm resume, is attached as Exhibit 1 to the Fensterstock Declaration.

---

*Fensterstock* Stipulation was secured.

Fensterstock & Partners has its offices in New York City and in Fort Worth, Texas. Because this case was filed on behalf of Clear members nationwide, it is valuable to have a firm with locations in New York City and in Texas. New York State was home to four airports that hosted the Clear program – John F. Kennedy International Airport ("JFK"), LaGuardia Airport ("LaGuardia"), Albany International Airport, and Greater Rochester International Airport – more than any other state in the country. New York law applies to VIP's conduct, and the State of New York has a substantial, significant, and continuing interest in applying its laws to VIP's business conduct. For these reasons it is valuable to have the New York firm Fensterstock & Partners lead this case.

## V. CONCLUSION

Plaintiffs request that this Court issue an Order consolidating the Related Actions and appointing Fensterstock & Partners as Interim Lead Counsel. Fensterstock & Partners has completed comprehensive work on this case thus far and has demonstrated the experience and skills required to lead this class action in a just and efficient manner.

Dated: August 19, 2009

                FENSTERSTOCK & PARTNERS LLP

          By   */s/ Blair C. Fensterstock*
                Blair C. Fensterstock (BF 2020)
                Matthew J. Wojtkowiak (MW 9738)
                Eugene D. Kublanovsky (EK 0605)

                30 Wall Street, 9th Floor
                New York, New York 10005
                (212) 785-4100

                *Attorneys for Plaintiffs*