Paul R. Niehaus (PN-3994)
HANIFY & KING, P.C.
*Of Counsel to the Firm*
1359 Broadway, Suite 2001
New York, New York  10018
(212) 631-0223

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

| | |
|---|---|
| Steven W. Perkins, Norman Stoehr and Catherine Stoehr, David and Stacey Schapiro, Mariellen Baker, Sangsoo Wesley Park, William Whetstone, Richard Luckett, Mark Nathan, Matthew Delaney, Peter and Lois Nathan, John D. Wilgeroth, Kerry B. Hoggard, Mike Berkley, David Goldberg, Paul Braoudakis, Aaron Lamber, Kimberly Quan, Stuart and Joan Schapiro, James B. Black, *on behalf of themselves and all others similarly situated,* | Case No.: 09-cv-5951 (RJH) |
| Plaintiffs, | |
| v. | |
| VERIFIED IDENTITY PASS, INC., AND DOE DEFENDANTS 1-25, | |
| Defendants. | |

-----------------------------------------------------------X

| | |
|---|---|
| WILLIAM POLESE, Individually and on Behalf of All Persons Similarly Situated, | Case No.: 09-cv-6416 (RJH) |
| Plaintiffs, | |
| v. | |
| VERIFIED IDENTITY PASS, INC., AND DOE DEFENDANTS 1-50, | |
| Defendants. | |

-----------------------------------------------------------X

MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION

```
-----------------------------------------------------------X
MARILYN MEDDLES, On Behalf of Herself         :
And All Others Similarly Situated,            :    Case No.: 09-cv-6669 (RJH)
                                              :
       Plaintiffs,                            :
                                              :
       v.                                     :
                                              :
VERIFIED IDENTITY PASS, INC. AND              :
DOE DEFENDANTS 1-20,                          :
                                              :
       Defendants.                            :
-----------------------------------------------------------X
BLAIR C. FENSTERSTOCK, CONSTANCE              :
J. THOMAS, a.k.a. CONSTANCE J.                :    Case No.: 09-cv-6670 (RJH)
FENSTERSTOCK, and All Others Similarly        :
Situated,                                     :
                                              :
       Plaintiffs,                            :
                                              :
       v.                                     :
                                              :
VERIFIED IDENTITY PASS, INC.,                 :
STEVEN BRILL, AND                             :
DOE DEFENDANTS 1-25,                          :
                                              :
       Defendants.                            :
-----------------------------------------------------------X
ROBERT I. HARWOOD, On Behalf of               :
Himself and All Others Similarly Situated,    :    Case No.: 09-cv-6678 (RJH)
                                              :
       Plaintiffs,                            :
                                              :
       v.                                     :
                                              :
VERIFIED IDENTITY PASS, INC.,                 :
                                              :
       Defendants.                            :
-----------------------------------------------------------X
```

```
-------------------------------------------------------X
LEE FRIEDMAN, KENNETH                      :
GREENBERG, MARCEL KUNZ AND                 :    Case No.: 09-cv-6694 (RJH)
JOHN G. REAMS, Individually and On         :
Behalf of All Persons Similarly Situated,  :
                                           :
        Plaintiffs,                        :
                                           :
        v.                                 :
                                           :
VERIFIED IDENTITY PASS, INC., AND          :
DOES 1-50,                                 :
                                           :
        Defendants.                        :
-------------------------------------------------------X
DELMAR S. DUKES, On Behalf of Himself      :
and All Others Similarly Situated,         :    Case No.: 09-cv-6947 (UA)
                                           :
        Plaintiffs,                        :
                                           :
        v.                                 :
                                           :
VERIFIED IDENTITY PASS, INC.,              :
                                           :
        Defendants.                        :
-------------------------------------------------------X
```

**MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION TO CONSOLIDATE RELATED CASES, ORDER THE FILING OF A CONSOLIDATED COMPLAINT, AND APPOINT INTERIM LEAD COUNSEL**

Defendant Verified Identity Pass, Inc. ("VIP") by and through its counsel, hereby submits this Memorandum of Law in support of its cross-motion (the "Cross-Motion") to consolidate related actions (the "Related Actions")[1] for all purposes pursuant to Fed. R. Civ. P. 42(a), for the filing of a consolidated complaint, and for appointment of interim lead counsel for the putative class.

**INTRODUCTION**

VIP files this Cross-Motion for consolidation in response to motions by various attorneys for the putative class, each of which seeks consolidation of related cases and appointment of lead counsel. The first of these motions was filed jointly by the attorneys for plaintiffs in the *Friedman* and *Polese* actions on August 10, 2009, the second was filed jointly by the attorneys for plaintiffs in the *Perkins* and *Harwood* actions on August 14, 2009, and the last to date was filed August 19, 2009 by the attorneys in the *Fensterstock* action. While VIP supports consolidation of the Related Actions, it seeks consolidation on somewhat different terms than

---

[1] To the best of VIP's knowledge, at present there are eight Related Actions currently pending, seven in the Southern District of New York, and one in the Northern District of Georgia. The Related Actions are defined as:
- *Friedman, et al. v. Verified Identity Pass, Inc., et al.*, 09-cv-6694(RJH);
- *Polese, et al. v. Verified Identity Pass, Inc., et al.*, 09-cv-6416(RJH);
- *Perkins, et al. v. Verified Identity Pass, Inc., et al.*, 09-cv-5951(RJH);
- *Harwood, et al. v. Verified Identity Pass, Inc.*, 09-cv-6678(RJH);
- *Fensterstock, et al., v. Verified Identity Pass, Inc. and Stephen Brill, et al.*, 09-cv-6670(RJH);
- *Dukes, et al. v. Verified Identity Pass, Inc., et al.*, 09-cv-6947(UA);
- *Meddles, et al. v. Verified Identity Pass, Inc., et al.*, 09-cv-6669(RJH); and
- *Hall, et al. v. Verified Identity Pass, Inc., et al.*, N.D. Ga. No. 09-cv-1862(MHS). A motion to dismiss or transfer the Georgia action to the S.D.N.Y. has been filed, and is to be fully briefed no later than September 8, 2009.

those proposed by the various plaintiffs' attorneys.  Most crucially, while the *Friedman/Polese* motion seeks the filing of a consolidated complaint, the *Perkins/Harwood* motion does not, and the *Fensterstock* motion is silent on the issue.  VIP strongly supports the submission and filing of a single consolidated complaint, as well as appointment of a single law firm as interim Lead Counsel, and therefore requests consolidation on the terms set forth in the accompanying Proposed Order.

## PROCEDURAL BACKGROUND

Each of the Related Actions is based on essentially the same set of allegations, names the same corporate defendant, seeks certification of essentially the same class, presents similar causes of action, and pursues similar damage theories.  Each of the Related Actions alleges that VIP sold memberships in VIP's "Clear" program, which permitted members to bypass long lines at airport check-in and proceed directly to airport security screening; that customers paid for their memberships up front; that VIP promised *pro rata* refunds to customers in the event that the customers withdrew from the Clear program; that VIP continued to automatically renew memberships in the Clear program and enroll new members through June 21, 2009; that VIP and the Clear program ceased operations on or about June 22, 2009; and that VIP has declined to issue refunds to customers.

Each of the Related Actions names VIP as the corporate defendant, and many also name a number of "Doe" defendants.  The *Fensterstock* action further names VIP's former Chief Executive Officer, Steven Brill, as a defendant.

Each of the Related Actions seeks damages from VIP under various overlapping causes of action stemming from VIP's purported improper collection and retention of membership fees.  Various Related Actions also refer to or seek injunctive relief related to the use and/or retention of personal information collected from VIP customers.

Each of the Related Actions seeks certification of substantially the same class of plaintiffs, generally defined as persons who had purchased Clear memberships and were enrolled in the Clear program as of June 22, 2009. Some of the Related Actions seek to exclude from the class certain VIP executives and insiders.

The first of the Related Actions was filed on June 29, 2009 (the *Perkins* action).[2] The most recently-filed Related Action is the *Dukes* action, filed on August 6, 2009. Attorneys in the *Fensterstock* action moved by Order to Show Cause for a preliminary injunction barring certain uses of certain confidential information collected from VIP customers, and a stipulation on the subject was So Ordered by Judge Baer on August 3, 2009. Attorneys in the *Perkins* action have also filed a motion for preliminary injunction preserving certain evidence and barring certain uses of confidential information. Attorneys for VIP and the *Perkins* plaintiffs are in discussions to resolve that motion. As set forth above, the *Friedman/Polese* motion to consolidate was filed on August 10, 2009, the *Perkins/Harwood* motion to consolidate was filed on August 14, 2009, and the *Fensterstock* motion to consolidate was filed on August 19, 2009. A motion to dismiss or transfer the Georgia action to the S.D.N.Y. was filed on August 7, 2009, and is to be fully briefed no later than September 8, 2009.

**ARGUMENT**

**I.  CONSOLIDATION FOR ALL PURPOSES IS APPROPRIATE PURSUANT TO FED. R. CIV. P. 42(a)**

For substantially the same reasons set forth in the *Friedman/Polese*, *Perkins/Harwood*, and *Fensterstock* motions (pages 2-4, 4-6 and 4-5 of the respective Memoranda of Law), VIP

---

[2]  The motion papers in the *Perkins/Harwood* consolidation motion refer to the *Harwood* action having been filed in New York County Supreme Court on June 25, 2009, and then "re-filed" in the S.D.N.Y. on July 28, 2009. VIP was never served with the purported state court complaint, and was unaware of this alleged action's existence until receiving the *Perkins/Harwood* motion papers.

seeks immediate consolidation of all Related Actions currently pending in the S.D.N.Y., and future consolidation of any related cases subsequently brought, removed to, or transferred to the S.D.N.Y.  In short, consolidation will avoid needless duplication of time, effort, and expense by the parties and the Court during discovery and at trial, and will result in no prejudice to any plaintiff or proposed class member.  As detailed above, the Related Actions involve many common questions of law and fact, and discovery will almost certainly involve the same documents and witnesses.  *See generally, Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990) (courts have broad discretion to consolidate where cases involve "a common question of law or fact"); *Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196 (S.D.N.Y. 1992) (same).  VIP therefore requests that the Related Actions be consolidated pursuant to the Proposed Order filed herewith.[3]

## II.   THE FILING OF A CONSOLIDATED COMPLAINT IS APPROPRIATE

In addition to consolidation of the Related Actions, the filing of a consolidated complaint is also appropriate in this matter.  As courts of the Second Circuit have recognized, use of a consolidated complaint promotes judicial economy, and a consolidated complaint should be used where the anticipated benefits of a consolidated complaint outweigh the potential prejudice to the parties.  *Katz v. Realty Equities Corp.*, 521 F.2d 1354, 1358, 1361 (2d Cir. 1975) (affirming

---

[3] In requesting consolidation, VIP in no way waives any of its substantive objections, defenses, and rights in each of the Related Actions or in any consolidated action, and expressly reserves any and all such objections, defenses and rights.  Specifically, but without limitation, VIP reserves its right to argue that the Related Actions do not state viable causes of action, do not describe an appropriate class, and do not identify appropriate "Doe" defendants.  Such substantive issues will be addressed following a ruling on the various motions for consolidation.

order requiring filing of consolidated complaint incorporating class actions). *See also*, *Jacobs v. Castillo*, 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009) (ordering consolidated complaint filed to both eliminate duplicative claims and preserve all claims against all defendants).

In this matter, the benefits are obvious, and the prejudice is non-existent. Without a consolidated complaint, VIP would be forced to answer or move to dismiss eight different actions. Duplicative and overlapping causes of action would have to be addressed. Proposed class definitions that varied by a word or two would have to be parsed and reconciled. And plaintiffs' attorneys would be forced to maintain multiple duplicative complaints and motions in order to "keep a hand" in the proceedings.

On the other hand, there is no prejudice whatsoever associated with a consolidated complaint. The factual and legal allegations are the same in each Related Action, the corporate defendant is the same, the proposed class is substantively the same, and the requested relief is substantively the same. Simply put, no class member will suffer or have his or her case prejudiced by the filing of a consolidated complaint, while the burdens placed on VIP, the Court, and plaintiffs' counsel will be significantly eased. The Court should therefore order the filing of a consolidated complaint, per the attached Proposed Order.

### III.    A SINGLE FIRM SHOULD BE APPOINTED INTERIM LEAD COUNSEL

Each of the consolidation motions filed by plaintiffs' counsel request that the attorneys associated with such motion be named interim lead counsel or lead co-counsel.[4] VIP welcomes the appointment of a single firm as interim Lead Counsel, as dealing with multiple sets of attorneys has led to confusion, unnecessary duplication of work, and inconsistent positions among the various plaintiffs' counsel. The most obvious example is the divergent positions

taken by counsel in the *Fensterstock* action and the *Perkins* action in connection with separately-requested preliminary injunctions. Counsel in *Fensterstock* agreed to a stipulation which permits VIP to explore restructuring alternatives and to provide plaintiffs' counsel with ten (10) business days' notice if a deal to transfer certain corporate assets becomes imminent. That stipulation was So Ordered by the Court. On the other hand, counsel in the *Perkins* action have insisted on an injunction prohibiting the transfer of certain corporate assets unless and until VIP seeks affirmative relief from the Court. Appointment of a single interim Lead Counsel will permit VIP to negotiate a restructuring or sale of the company (without which the company will cease to exist) under a single set of rules, without having its directors and corporate leaders distracted by competing attorneys.

Appointment of a single firm as interim Lead Counsel is doubly appropriate as there is simply no need for co-counsel. The various complaints against VIP are remarkably similar, and the allegations are straightforward. This is not a situation where plaintiffs have multiple or divergent interests, and there is no substantive difference between the proposed classes. Already, discussions and straightforward stipulations with the *Perkins/Harwood* attorneys (comprised of attorneys from three different firms in five different offices) have been delayed and unnecessarily complicated by the need for plaintiffs' attorneys to consult with each other and to all be present for any meetings or conference calls.

Therefore, VIP requests that a single law firm be appointed as interim Lead Counsel. VIP takes no position on which firm should serve as interim Lead Counsel.

---

[4] Attorneys in the *Friedman/Polese* action requested that they be named Lead Co-Counsel, without the interim designation. Pursuant to Rules 23(g)(1) and (3), VIP opposes the naming of any permanent Lead Counsel unless and until a class is certified.

**CONCLUSION**

For the reasons set forth above, the Court should grant VIP's Cross-Motion for consolidation, order the filing of a consolidated complaint, and appoint interim lead counsel on the terms set forth in the accompanying Proposed Order.

August 24, 2009
New York, New York

                              HANIFY & KING, P.C.

                               R. Niehaus
                              Paul R. Niehaus
                              *Of Counsel to the Firm*
                              1359 Broadway, Suite 2001
                              New York, NY  10018
                              Tel. (212) 631-0223
                              Fax (212) 624-0223
                              *Attorneys for Defendant*
                              *Verified Identity Pass, Inc.*