UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN W. PERKINS, NORMAN STOEHR, CATHERINE STOEHR, DAVID SCHAPIRO, STACEY SCHAPIRO, MARIELLEN BAKER, SANSOO WESLY PARK, WILLIAM WHETSTONE, RICHARD LUCKETT, MARK NATHAN, MATTHEW DELANEY, PETER NATHAN, LOIS NATHAN, JOHN D. WILGEROTH, KERRY B. HOGGARD, MIKE BERKLEY, DAVID GOLDBERG, PAUL BRAOUDAKIS, AARON LAMBERT, KIMBERLY QUAN, STUART SCHAPIRO, JOAN SCHAPIRO, JAMES B. BLACK, *and all others similarly situated*,<br><br>    Plaintiffs,<br> v.<br><br>VERIFIED IDENTITY PASS, INC., and Doe Defendants 1-25.<br><br>    Defendants. | Civil Action No: 09-CV-05951 (RJH) |
| WILLIAM POLESE, Individually And On Behalf Of All Persons Similarly Situated,<br><br>    Plaintiffs,<br> v.<br><br>VERIFIED IDENTITY PASS, INC., and DOES 1-50.<br><br>    Defendants. | Civil Action No: 09-CV-06416 (RJH) |

**OPPOSITION IN PART TO THE FENSTERSTOCK MOTION
TO CONSOLIDATE RELATED CASES AND
APPOINT INTERIM LEAD COUNSEL FOR THE PUTATIVE CLASS**

| | |
|---|---|
| MARILYN MEDDLES, on behalf of herself and all others similarly situated,<br><br>    Plaintiffs,<br> v.<br><br>VERIFIED IDENTITY PASS, INC., and JOHN DOES 1-20.<br><br>    Defendants. | Civil Action No: 09-CV-6669 (RJH) |
| BLAIR C. FENSTERSTOCK, CONSTANCE J. THOMAS, a.k.a. CONSTANCE J. FENSTERSTOCK, *and all others similarly situated,*<br><br>    Plaintiff,<br><br>    -against-<br><br>VERIFIED IDENTITY PASS, INC., STEVEN BRILL, and DOE DEFENDANTS 1-25<br><br>    Defendant. | Civil Action No.: 09-CV-6670 (RJH) |
| ROBERT I. HARWOOD, on behalf of himself and all others similarly situated<br><br>    Plaintiff,<br><br>    -against-<br><br>VERIFIED IDENTITY PASS, INC.,<br><br>    Defendant. | Civil Action No: 09-CV-6678 (RJH) |

| | |
|---|---|
| LEE FRIEDMAN, KENNETH GREENBERG, MARCEL KUNZ, AND JOHN G. REAMS, Individually And On Behalf Of All Persons Similarly Situated,<br><br>    Plaintiffs,<br> v.<br><br>VERIFIED IDENTITY PASS, INC., and DOES 1-50.<br><br>    Defendants. | **Civil Action No: 09-CV-6694 (RJH)** |
| DELMAR S. DUKES, on behalf of himself and all others similarly situated<br><br>    Plaintiff,<br><br>    -against-<br><br>VERIFIED IDENTITY PASS, INC.,<br><br>    Defendant. | Civil Action No: 09-CV-6947 (RJH) |

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs William Polese, Lee Friedman, Kenneth Greenberg, Marcel Kunz, and John G. Reams ("Movants"), respectfully submit their opposition in part to the "Motion to Consolidate Related Cases and Appoint Interim Lead Counsel for the Putative Class" filed by Blair C. Fensterstock and Constance J. Fensterstock (the "Fensterstock Plaintiffs") (hereinafter the "Fensterstock Motion").

### I.    ARGUMENT

#### A.    ALL PARTIES AGREE THAT CONSOLIDATION IS PROPER

On August 10, 2009, Movants filed the first motion to consolidate the above captioned consumer class actions and for appointment of co-lead counsel. On August 14, 2009, plaintiffs in the *Perkins* and *Harwood* actions followed suit and filed a similar motion. Finally, on August 19, 2009, the Fensterstock Plaintiffs filed a similar motion. Thereafter, on August 24, 2009, defendant Verified Identity Pass, Inc. ("VIP" or the "Company") filed a cross-motion also seeking consolidation of the above captioned actions (the "Related Actions"). As evidenced by each of these filings, all parties support consolidation of the Related Actions.[1] Therefore, the only issue remaining is the appointment of interim lead counsel for the putative class.

///

///

---

[1] *See, e.g.,* Movants' "Memorandum of Points and Authorities in Support of Motion to Consolidate Related Actions and for Appointment of Co-Lead Counsel" ("Movants' Memo."), pages 2-4; Memorandum of Law in Support of Perkins/Harwood "Motion to Consolidate Related Cases and Appoint Interim Co-Lead Counsel for the Putative Class" ("Perkins' Memo."), pages 4-6; Memorandum of Law in Support of Fensterstock Motion ("Fensterstock Memo."), pages 4-5; VIP's "Memorandum of Law in Support of Cross-Motion to Consolidate Related Cases, Serve Consolidated Complaint and for Appointment of Interim Lead Counsel" ("VIP's Cross-Motion Memo."), pages 6-8.

B.   **THE COURT SHOULD DENY FENSTERSTOCK & PARTNERS LLP'S REQUEST TO BE APPOINTED INTERIM LEAD COUNSEL**

1.   **Legal Standards**

Rule 23(g)(3) of the *Federal Rules of Civil Procedure* provides that "[t]he Court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." In conducting its analysis, the Court may consider any matter pertinent to counsel's ability to fairly and adequately represent the interests of the class. *See* Fed. R. Civ. P. Rule 23(g)(1)(B).

As detailed below, counsel for the Fensterstock Plaintiffs suffers, from among other things, an irreconcilable conflict which prevents the firm from fairly and adequately representing the interests of the putative class.

2.   **A Conflict of Interest with the Putative Class Prevents Fensterstock & Partners LLP From Being Appointed Interim Lead Counsel**

The Second Circuit has refused to certify classes because of potential conflicts of interest in cases where attorneys sought to serve as both class representative and class counsel. *See e.g. Lowenschuss v. Bluhdorn*, 613 F.2d 18, 20 (2d Cir. 1980); *Brick v. CPC Int'l, Inc.* 547 F.2d 185, 186-87 (2d Cir. 1976). Similarly, a familial or employment relationship with plaintiffs' counsel also is grounds for disqualification. *See In re A.M. Int'l, Inc. Sec. Litig.*, 108 F.R.D. 190, 197 (S.D.N.Y. 1985) (brother of law firm partner); *Charal v. Andes*, 81 F.R.D. 99, 101 (E.D. Pa. 1979) (office manager of law firm). The rationale for these decisions is that the plaintiff might have an interest in the legal fees that the attorney may ultimately seek. *In re Metlife Demutualization Litigation*, 229 F.R.D. 369, 376 (E.D.N.Y 2005).

In this case, plaintiff Blair Fensterstock is a managing partner of Fensterstock & Partners LLP ("Fensterstock LLP"), the same firm which currently seeks to be appointed interim lead counsel. *See* Fensterstock Memo., page 3. Moreover, as managing partner of Fensersock LLP, Mr. Fensterstock likely receives substantial compensation from the firm. There also appears to be a familial relationship between Constance Fensterstock and Blair Fensterstock.

These facts demonstrate an irreconcilable conflict of interest between Fensterstock LLP's interests as proposed interim lead counsel and Blair and Constance Fensterstock's interests as plaintiffs. Accordingly, Fensterstock LLP's request to be appointed interim lead counsel should be rejected.

### 3. Fensterstock LLP has not Significantly Advanced this Litigation

Fensterstock LLP has not advanced this litigation to any greater degree than other plaintiffs' counsel. Each firm investigated the underlying claims prior to filing their respective complaints. Also, like Movants' counsel, Fensterstock LLP entered into a stipulation extending the time for defendant to answer the complaint. Furthermore, the Fensterstock Plaintiffs' claim that their counsel secured the class' confidential information through a stipulation with defendant VIP is undermined by the fact that the stipulation offers little more protection than that already offered by the agreement between VIP and its customers and the restrictions currently in place by the Transportation Securities Administration ("TSA"). Thus, Fensterstock LLP has not advanced this litigation by any significant degree or differentiated themselves from Movants' counsel or other plaintiffs' counsel. However, as detailed herein, additional factors not highlighted by the Fensterstock Plaintiffs weigh in favor of denying the Fensterstock Motion regarding the appointment of interim lead counsel.

### 4. Additional Facts Confirm that Fensterstock LLP Should not be Appointed Interim Lead Counsel

As noted above, Fensterstock LLP has a fundamental conflict of interest with the putative class which prohibits the firm from being appointed interim lead counsel. Additional facts exist that also support denial of the firm being appointed to a leadership position in any consolidated action.

First, where there are related actions filed in the same district, motions for consolidation and/or lead counsel are typically filed in the low-numbered case. In contrast, the Fensterstock Motion was **not** filed in *Perkins,* the low numbered action, but only filed in the *Fensterstock* matter. Second, it appears that all parties were not properly served with the Fensterstock Motion. In fact, Movants were only made aware of the Fensterstock Motion through their counsels' constant monitoring of the dockets in each of the Related Action. Third, the Fensterstock Motion is fundamentally flawed in that it fails to request permission from the Court to file a consolidated complaint. It ***only*** seeks consolidation of the Related Actions and appointment of interim lead counsel. Fourth, the Fensterstock Plaintiffs have not opposed the motions filed by Movants or the Perkins/Harwood plaintiffs. Thus, it appears that the Fensterstock Plaintiffs have abandoned their pursuit of interim lead counsel status in this matter. Standing alone, these facts are sufficient to deny the Fensterstock Motion.

### C. THIS COURT SHOULD APPOINT MOVANTS' LEADERSHIP STRUCTURE FOR THE PROPOSED CLASS

As noted in their opening memorandum, Movants' counsel satisfy each of the requirements of Rule 23(g) of the *Federal Rules of Civil Procedure* . Movants have proposed a simple co-lead counsel structure that includes Faruqi & Faruqi, LLP ("F&F) and Glancy Binkow

& Goldberg, LLP ("GB&G").  *See* Movants' Memo., pages 4-7.  Movants proposed this structure because, among other things, these firms are highly experienced in representing consumers in class action litigation and have achieved many beneficial recoveries for consumers in the past.[2] Appointment of these firms at an early stage of the litigation will ensure that the ***interests of all plaintiffs*** and the putative class are properly and fairly represented and that the litigation has the necessary leadership structure in place to move matters forward

Conversations between counsel for Movants and counsel for VIP further supports this conclusion.  Counsel for Movants has been in touch with counsel for VIP since the outset of this litigation concerning issues such as service, time within which to respond to the *Polese* and *Friedman* complaints, and consolidation of the Related Actions.  F&F and GB&G promptly filed Movants' Motion seeking consolidation of the Related Actions, appointment of lead counsel, and a schedule for the filing of a consolidated complaint, ***before*** any other parties to this litigation.

Movants' counsel has also been ***contacted by an additional 244 potential class members*** and has ***retained an additional 46 individuals*** who are willing to participate as plaintiffs in this litigation.  Finally, as previously noted in Movants' Motion, Movants' counsel have offices located throughout the nation, as well as in this district, and the resources and experience to litigate plaintiffs' claims as vigorously as necessary.

///

///

///

---

[2] *See* resumes of F&F and GB&G, attached as *Exhibits A* and *B* to the Declaration of Katherine Den Bleyker, filed with Movants' Motion on August 10, 2009.

## II.    CONCLUSION

For the reasons stated herein, and in Movants' Motion, Movants request that the Fensterstock Plaintiffs' Motion be denied, except as to that part of the motion which seeks consolidation of the Related Actions.  Furthermore, Movants' Motion should be granted in its entirety.

Dated: September 2, 2009                           **GLANCY BINKOW & GOLDBERG LLP**


By:      *s/ Katherine Den Bleyker*
              Katherine Den Bleyker, KD1245

Lionel Z. Glancy
Michael G. Goldberg
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Tel: (310) 201-9150
Fax: (310) 201-9160
Email: Info@glancylaw.com

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
1501 Broadway, Suite 1900
New York, NY  10036
Tel: (917) 510-0009
Fax: (646) 366-0895
Email: Info@glancylaw.com

**FARUQI & FARUQI, LLP**
David H. Leventhal, Esq.
369 Lexington Avenue, 10th Floor
New York, NY 10017
Tel: (212) 983-9330
Fax: (212) 983-9331
Email: dleventhal@faruqilaw.com

**FARUQI & FARUQI, LLP**
Vahn Alexander, Esq.
1901 Avenue of the Stars, 2nd Floor
Los Angeles, CA 90067
Tel: (310) 461-1426
Fax: (310) 461-1427
Email: valexander@faruqilaw.com

**THE BRAND LAW FIRM, P.A.**
Craig Brand, Esq.
2816 E. Robinson Street, 2nd Floor
Orlando, FL  32803
Tel: (877) 407-2726
Email: craig@thebrandlawfirm.com

*Counsel for Movants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 2, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document *via* the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                                    By:    *s/ Katherine Den Bleyker*
                                                      Katherine Den Bleyker, KD1245