UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN W. PERKINS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> VERIFIED IDENTITY PASS, INC., AND DOE DEFENDANTS 1-25, <br><br> Defendants. | Case No.: 09-CV-5951 (RJH) (HP) |
| WILLIAM POLESE, Individually and on Behalf of All Persons Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> VERIFIED IDENTITY PASS, INC., AND DOE DEFENDANTS 1-50, <br><br> Defendants. | Case No.: 09-CV-6416 (RJH) (HP) |
| MARILYN MEDDLES, On Behalf of Herself and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> VERIFIED IDENTITY PASS, INC., AND DOE DEFENDANTS 1-20, <br><br> Defendants. | Case No.: 09-CV-6669 (RJH) (HP) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR
MOTION TO CONSOLIDATE RELATED CASES AND
TO APPOINT INTERIM CO-LEAD COUNSEL FOR THE PUTATIVE CLASS**

| | |
|---|---|
| BLAIR C. FENSTERSTOCK, CONSTANCE J. THOMAS, a.k.a. CONSTANCE J. FENSTERSTOCK, and All Others Similarly Situated,<br><br>                  Plaintiffs,<br><br>v.<br><br>VERIFIED IDENTITY PASS, INC., AND DOE DEFENDANTS 1-25,<br><br>                  Defendants. | Case No.: 09-CV-6670 (RJH) (HP) |
| ROBERT I. HARWOOD, On Behalf of Himself and All Others Similarly Situated,<br><br>                  Plaintiffs,<br><br>v.<br><br>VERIFIED IDENTITY PASS, INC.,<br><br>                  Defendants. | Case No.: 09-CV-6678 (RJH) (HP) |
| LEE FRIEDMAN, KENNETH GREENBERG, MARCEL KUNZ AND JOHN G. REAMS, Individually and On Behalf of All Persons Similarly Situated,<br><br>                  Plaintiffs,<br><br>v.<br><br>VERIFIED IDENTITY PASS, INC., AND DOES 1-50,<br><br>                  Defendants. | Case No.: 09-CV-6694 (RJH) (HP) |

| | |
|---|---|
| DELMAR S. DUKES, On Behalf of Himself and All Others Similarly Situated,<br><br>                              Plaintiffs,<br>     v.<br><br>VERIFIED IDENTITY PASS, INC.,<br><br>                              Defendants. | Case No.: 09-CV-6947 (RJH) (HP) |

Plaintiffs Robert I. Harwood, Stephen W. Perkins, Norman Stoehr and Catherine Stoehr, David and Stacey Schapiro, Mariellen Baker, Sangsoo Wesley Park, William Whetstone, Richard Luckett, Mark Nathan, Matthew Delaney, Peter and Lois Nathan, John D. Wilgeroth, Kerry B. Hoggard, Mike Berkley, David Goldberg, Paul Braoudakis, Aaron Lambert, Kimberly Quan, Stuart and Joan Schapiro, and James B. Black (the "Plaintiffs"), write in further support of their motion to consolidate the Related Actions and to appoint Kaplan Fox & Kilsheimer LLP ("Kaplan Fox"), Schneider Wallace Cottrell Brayton Konecky LLP ("Schneider Wallace") and Squitieri & Fearon, LLP ("Squitieri & Fearon") as Interim Co-Lead Counsel ("Proposed Interim Co-Lead Counsel") for the putative Class.[1]

## I. INTRODUCTION

Instead of discussing the actual issue on the merits, Plaintiffs Lee Friedman, Kenneth Greenberg, Marcel Kunz, and John G. Reams (the "Friedman Plaintiffs")[2] only make superficial attacks and otherwise irrelevant comments against the appointment of Proposed Interim Co-Lead Counsel. That is because the Friedman Plaintiffs have no substantive grounds upon which a Court could appoint Faruqi & Faruqi (the "Faruqi Firm") and Glancy Binkow & Goldberg ("Glancy Binkow") as co-lead counsel, interim or otherwise. Indeed, since the Friedman Plaintiffs and their counsel have thus far failed to substantively accomplish anything in this matter that would merit the appointment, the Friedman Plaintiffs must instead rehash arguments found in the cross-motion submitted by defendant Verified Identity Pass, Inc. ("VIP" or

---

[1] Because the parties agree that consolidation of the seven Related Actions is warranted, Plaintiffs will focus only on the selection of Interim Co-Lead Counsel issue in this Reply Memorandum.

[2] It is notable that Plaintiff William Polese does not oppose Plaintiffs' motion, though he originally moved with the Friedman Plaintiffs to consolidate the Related Actions and to appoint the Faruqi Firm and Glancy Binkow as Interim Co-Lead Counsel. *See* Docket No. 10-13, 26.

"Defendant") as the basis for their opposition to this motion.[3] The arguments made by the Friedman Plaintiffs only further demonstrate that Kaplan Fox, Schneider Wallace and Squitieri & Fearon should be appointed Interim Co-Lead Counsel for the putative Class.

## II. KAPLAN FOX, SCHNEIDER WALLACE AND SQUITIERI & FEARON SHOULD BE APPOINTED INTERIM CO-LEAD COUNSEL FOR THE CLASS

In determining which interim counsel to appoint pursuant to Fed. R. Civ. P. 23(g)(3), the Court "must consider" the work counsel has done in this action, counsel's experience in handling class actions, counsel's knowledge of the applicable law, counsel's resources, and other matters "pertinent to counsel's ability to fairly and adequately represent the interests of the class." *See* Fed. R. Civ. P. 23(g)(1)(A) and (B). The Court should further consider counsel's "experience and prior success record, the number, size and extent of involvement of represented litigants . . . and the nature of the causes of action alleged." MANUAL FOR COMPLEX LITIGATION § 20.22 (3d ed. 1995) (citing cases). Based upon the record, Kaplan Fox, Schneider Wallace and Squitieri & Fearon should be appointed Interim Co-Lead Counsel for the consolidated litigation.

### A. Kaplan Fox, Schneider Wallace and Squitieri & Fearon Have Made Substantial Progress in this Matter

Contrary to the Friedman Plaintiffs' allegation that Proposed Interim Co-Lead Counsel have engaged in "busy work," it is clear that Kaplan Fox, Schneider Wallace and Squitieri & Fearon have already made and continue to make substantial progress in the advancement of this litigation.

For instance, on August 7, 2009 Plaintiffs filed a motion for a preservation order and preliminary injunction (the "PI Motion") seeking to preserve relevant evidence and discoverable

---

[3] *See* Docket Nos. 21-23 (Cross-Motion to Consolidate Related Cases, Order the Filing of a Consolidated Complaint, and Appoint Interim Lead Counsel and Memorandum in Support). Plaintiffs will submit a Memorandum of Law in Response to the cross-motion by September 8, 2009.

2

documents and information, as well as the entry of a preliminary injunction prohibiting VIP from selling, transferring or disclosing the private biographic and biometric information of Plaintiffs and the putative Class, and further prohibiting VIP from maintaining such data in an unsecure or inconsistent manner.[4] Instead of explaining how the PI Motion constituted "busy work," the Friedman Plaintiffs basically argue that because VIP's counsel "indicated" it as such, apparently it must be so.[5] *See* Opp. Mem. at 7. For one, if the PI Motion was indeed "busy work," the Court, in orders dated August 18 and 21, 2009, would not have granted the motion to preserve evidence, or otherwise allowed Defendant to brief the preliminary injunction issue.[6]

More importantly, the Friedman Plaintiffs fail to provide any reason for their own failure in moving to protect the confidential information of the putative Class. Given the significance of this information and the manner in which VIP shut down its business, "[a]ny experienced class action litigator" would have sought to protect that information from being wrongly transferred or sold. *See* Opp Mem. at 7. Instead of moving to protect Class members' private information, however, the Friedman Plaintiffs only "*promptly* filed Movants' Motion seeking consolidation of the Related Actions, appointment of lead counsel, and a schedule for the filing of a consolidated complaint, *before* any other parties to this litigation." *Id.* at 7-8 (emphasis in original). It is clear that Plaintiffs and Proposed Interim Co-Lead Counsel, unlike the Friedman Plaintiffs, were engaging in work that was done in the interests of the Class. *See* Fed. R. Civ. P. 23(g)(1)(A) and (B) (the Court "must consider" the work counsel has done in this action and other matters "pertinent to counsel's ability to fairly and adequately represent the interests of the class").

---

[4] *See* Docket Nos. 7-9.

[5] To the extent VIP's counsel classifies the work Interim Co-Lead Counsel has done as "busy work," it is irrelevant and inapposite to this motion. What VIP's counsel believes has no bearing or influence on the work that has been or is being done for the benefit of the putative Class.

[6] *See* Docket Nos. 17, 19. VIP filed their opposition to the PI Motion on August 27, 2009. *See* Docket No. 25. Plaintiffs filed their reply on September 3, 2009.

3

Moreover, Proposed Interim Co-Lead Counsel have maintained constant communications with Defendant's counsel concerning how to best advance this litigation, including over such "issues such as service, time within which to respond to [all] complaints, and consolidation of the Related Actions," all for the benefit of the putative Class. *See* Opp. Mem. at 6-7. Indeed, since filing of the PI Motion, Proposed Interim Co-Lead Counsel have had both telephonic and in-person discussions with VIP's counsel regarding the efficient management of this case and the resolution of the PI Motion in a manner favorable to the Class. There have also been multiple conversations concerning other aspects of the case, including, among other things, understanding the current state of the company and the prospects for its resumption of services. There can be no dispute that these discussions have only and will further benefit the putative Class. Though the Friedman Plaintiffs (and apparently VIP's counsel) argue that these communications and negotiations apparently also constitute "busy work," they simply fail to articulate how these actions fail to or inadequately protect the putative Class or advance this litigation.

Given the advancements made by Proposed Interim Co-Lead Counsel, the putative Class would be better served with the appointment of Kaplan Fox, Schneider Wallace and Squitieri & Fearon as Interim Co-Lead Counsel.

**B.   Proposed Interim Co-Lead Counsel Bring Substantial Experience to this Case and is Better Suited to Represent the Nationwide Class**

Kaplan Fox, Schneider Wallace and Squitieri & Fearon clearly have the experience, the resources and the ability to lead these putative class actions and to coordinate work among counsel, which is undisputed by the Friedman Plaintiffs. *See* Opp. Mem. at 6. Indeed, Proposed Interim Co-Lead Counsel have specific experience in consumer class actions, as well as with

4

class cases in this District. This motion is further supported by counsel in the *Meddles* and *Dukes* actions, and has not otherwise been opposed by the *Fensterstock* plaintiffs.

Instead of advancing better reasons for the Court to appoint the Faruqi Firm and Glancy Binkow as co-lead counsel, however, the Friedman Plaintiffs again repeat arguments made by Defendant's counsel in opposition to Plaintiffs' motion.[7] *See* Opp. Mem. at 6. Specifically, the Friedman Plaintiffs make conclusory statements concerning the "convoluted" nature of the Proposed Interim Co-Lead Counsel structure, arguing that it does not "provide the benefits expected and contemplated" by case law or otherwise. *See id.* This reasoning is flawed. For one, the Friedman Plaintiffs do not cite any case law in support of such a proposition. As well, the Proposed Interim Co-Lead Counsel structure is not vastly different from the proposed structure advocated by the Faruqi Firm and Glancy Binkow. Indeed, the Friedman Plaintiffs point out that they do not agree with VIP's position about the selection of one interim lead counsel, but fail to point out how the proposed structure of the Faruqi Firm and Glancy Binkow is more superior to that of Proposed Interim Co-Lead Counsel. *See id.*

Most importantly, however, is the fact that Proposed Co-Lead Interim Counsel have and continue to consult with each other over how to best represent the interests of the Class. Contrary to the Friedman Plaintiffs' arguments, this is clearly an advantage in this litigation, given the nature of this suit, the desire to protect the putative Class and the overall advancement of this matter thus far. Indeed, as can be recognized from the motion papers that have been filed

---

[7] VIP, in its cross motion, argues for a one firm interim lead counsel, basing its argument on the fact that "discussions and straightforward stipulations with the Perkins/Harwood attorneys (comprised of attorneys from three different firms in five different offices) have been delayed and unnecessarily complicated by the need for plaintiffs' attorneys to consult with each other and to all be present...." *See* Opp. Mem. at 6. As noted *supra*, VIP's argument is inapposite and irrelevant. As well, VIP fails to provide a factual foundation upon which to base this argument. Even so, the structure put forward by Proposed Interim Co-Lead Counsel has not been otherwise unwieldy and has operated well, as demonstrated by the work and actions taken by Proposed Interim Co-Lead Counsel for the benefit of the Class.

in this and Related Actions, the stipulation entered between Plaintiffs and VIP concerning VIP's time to answer, negotiations concerning the PI Motion, and the communications between the parties, the proposed Interim Co-Lead Counsel structure has worked, and to the benefit of the putative Class. These diligent actions and leadership were clearly acknowledged by the plaintiffs' counsel in other filed actions, who have decided to support the application of this group for appointment as Interim Co-Lead Counsel.

Based upon the progress of this litigation, the abilities demonstrated by Proposed Interim Co-Lead Counsel, and the support of counsel in the *Meddles* and *Dukes* actions, there can be no dispute that Proposed Interim Co-Lead Counsel are best able to represent the putative Class and should be appointed as such. *Accord In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 09 M.D.L. 2058 (DC), No. 09-cv-580(DC), 2009 U.S. Dist. LEXIS 56009, at *37-9 (S.D.N.Y. June 30, 2009) (appointing Interim Co-Lead Counsel based on the fact that Interim Co-Lead Counsel brought three of eight actions, had consensus from at least half of the actions filed, and had coordinated their activities and achieved consensus by taking meaningful steps in the litigation to advance the interests of the putative class).

### C. The Friedman Plaintiffs' Miscellaneous Arguments are Irrelevant, Inapposite, and Do Not Make Sense

The Friedman Plaintiffs make other incoherent and imprudent arguments in opposition to Plaintiffs' motion appointing Kaplan Fox, Schneider Wallace and Squitieri & Fearon as Interim Co-Lead Counsel. For one, the Friedman Plaintiffs try to correlate Plaintiffs' filing of an Amended Complaint with the issue of whether or not Plaintiffs should have requested permission in this motion to file a consolidated complaint. *See* Opp. Mem. at 7-8. This argument does not make sense. Plaintiffs were only pointing out the fact that, as a procedural and factual matter,

6

Plaintiffs in the *Perkins* action filed an amended complaint on July 28, 2009;[8] how the filing of the Amended Complaint was "a waste of time" or otherwise constituted an "'illusion' that advances have been made" is beyond Plaintiffs. It is also unclear how Plaintiffs' failure to request permission to file a consolidated complaint constitutes a "fundamental" flaw in this motion. *Id.* at 8. For one, the Friedman Plaintiffs have obviously sought the filing of a consolidated complaint and Plaintiffs do not otherwise disagree with that part of the motion. As well, VIP has filed a cross-motion seeking the filing of the consolidated complaint.[9] Finally, the Court may order Plaintiffs to file a consolidated complaint as the Court may deem necessary and as part of its inherent authority under Rules 26 and 42 of the Federal Rules of Civil Procedure. In sum, this argument is meritless.

Also, the Friedman Plaintiffs make much ado about nothing with regards to the *Harwood* complaint and the *Perkins* action being the first filed action in this Court. *See id.* at 7. However, there is no disagreement that the *Harwood* complaint was first filed in the New York Supreme Court on June 25, 2009, and was refiled in the Southern District on July 28, 2009. Nor is there any dispute that the *Perkins* action was first filed in the Southern District on June 29, 2009. As a procedural and factual matter, *Harwood* and *Perkins* were indeed the first filed complaints.

Finally, the Friedman Plaintiffs try to argue that, because they have retained an additional forty-six individuals "who are willing to participate as plaintiffs in this litigation" and have been "contacted by an additional 244 potential class members," the Faruqi Firm and Glancy Binkow would be in a better position to represent the Class. *See id.* at 8. For one, it is plain that these individuals are not named as plaintiffs in this litigation. Moreover, it is unclear where these

---

[8]  *See* Docket No. 3.
[9]  *See* Docket Nos. 21-23.

7

individuals reside and to what extent they would truly represent the Class. Indeed, Plaintiffs still do not know exactly where the Friedman Plaintiffs reside, as the complaint does not provide any indication. Finally, as a factual matter, it cannot be truly disputed that Plaintiffs come from Connecticut, Florida, Georgia, Illinois, Indiana, Maryland, New Jersey, New York, Texas, Utah, and West Virginia, representing a majority of the areas VIP served.[10] It is understandable that this diverse group of Plaintiffs and Proposed Interim Co-Lead Counsel would not only fairly and adequately represent the interests of the Class, but would be in a better position to represent those interests. *See* Fed. R. Civ. P. 23(g)(1)(B); *see also* Fed. R. Civ. P. 23(a)(4).

Plaintiffs and Proposed Interim Co-Lead Counsel are better able to represent the interests of the entire putative Class.

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs request that this Court issue an Order consolidating the Related Actions and appointing Kaplan Fox, Schneider Wallace and Squitieri & Fearon as Interim Co-Lead Counsel. These firms have the demonstrated experience and leadership skills to prosecute these class actions in a fair, efficient and successful manner.

DATED: September 04, 2009

                                                Frederic S. Fox
                                                Christine M. Fox
                                                KAPLAN FOX & KILSHEIMER LLP
                                                850 Third Avenue
                                                New York, New York 10022
                                                Tel: (212) 687-1980
                                                Fax: (212) 687-7714

---

[10] Those airports which utilized VIP's services included those located in Albany, Atlanta, Boston, Cincinnati, Denver, Indianapolis, Jacksonville, Little Rock, Louisville, Newark, New York (JFK and LaGuardia), Oakland, Orlando, Reno-Tahoe, Salt Lake City, San Francisco, San Jose, Washington D.C. (Dulles and Reagan), and Westchester.

Laurence D. King
Mario M. Choi
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, California 94104
Tel: (415) 772-4700
Fax: (415) 772-4707

Todd M. Schneider
Mark T. Johnson
SCHNEIDER WALLACE COTTRELL
 BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105

Garrett W. Wotkyns
SCHNEIDER WALLACE COTTRELL
 BRAYTON KONECKY LLP
7702 East Doubletree Ranch Road, Suite 300
Scottsdale, Arizona 85258
Tel: (480) 607-4368
Fax: (480) 348-3999

_____
Lee Squitieri
SQUITIERI & FEARON, LLP
32 East 57th Street
12th Floor
New York, NY 10022
Tel: 212-421-6492
Fax: 212-421-6553

*Attorneys for Plaintiffs*

9