UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/27/09

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEPHEN W. PERKINS, ET AL.,

              Plaintiffs,

- against -

VERIFIED IDENTITY PASS, INC., ET AL.,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AND RELATED CASES

**ORDER**

09 Civ. 5951
09 Civ. 6669
09 Civ. 6670
09 Civ. 6678
09 Civ. 6416
09 Civ. 6694
09 Civ. 8505
09 Civ. 6947
09 Civ. 7879
09 Civ. 8366

A number of motions and cross-motions to consolidate the related actions and to
appoint interim lead counsel are pending before the Court. The *Perkins* plaintiffs have
moved to appoint Kaplan Fox, Schneider Wallace, and Squitieri & Fearson as interim co-
lead counsel pending class certification. That arrangement has the support of plaintiffs'
counsel in the *Perkins*, *Harwood*, *Dukes*, *Meddles*, *Dukes*, and *Aldrich* actions. The
*Friedman* and *Polese* plaintiffs have moved to appoint Faruqi & Faruqi and Glancy
Binkow & Goldberg as interim co-lead counsel. The *Fensterstock* plaintiffs have moved
to appoint Fensterstock & Partners as interim lead counsel. The *Koschitzki* plaintiff has
moved to appoint Coughlin Stoia as interim lead counsel. Each of these motions requests
consolidation of the related actions. Defendant VIP has cross-moved to consolidate the
related actions and to require the filing of a consolidated complaint.

Upon these motions and cross-motions in the above-captioned cases to
consolidate related cases, order the filing of a consolidated complaint, and appoint

interim lead counsel for the putative class, and upon consideration of the motion and cross-motion papers and all filings in this matter, the Court hereby orders as follows:

1.   The parties' motions to consolidate the related actions are granted.

2.   The following actions pending in the United States District Court for the Southern District of New York are hereby consolidated for all purposes, including pretrial proceedings and trial, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure:

> *Perkins v. Verified Identity Pass, Inc.*, 09-5951;
> *Meddles v. Verified Identity Pass, Inc.*, 09-6669;
> *Fensterstock v. Verified Identity Pass, Inc.*, 09-6670;
> *Harwood v. Verified Identity Pass, Inc.*, 09-6678;
> *Polese v. Verified Identity Pass, Inc.*, 09-6416;
> *Friedman v. Verified Identity Pass, Inc.*, 09-6694;
> *Hall v. Verified Identity Pass, Inc.*, 09-8505;
> *Dukes v. Verified Identity Pass, Inc.*, 09-6947;
> *Koschitzki v. Verified Identity Pass, Inc.*, 09-7879; and
> *Aldrich v. Verified Identity Pass, Inc.*, 09-8366.

3.   Any other actions now pending or hereafter filed in, removed to, or transferred to this Court, which arise from the same facts alleged in the above identified cases, shall be consolidated for all purposes into this consolidated action. The actions listed above in paragraph 2 and any additional actions consolidated pursuant to this paragraph 3 shall be referred to as "Consolidated Actions." This Order shall apply to all Consolidated Actions, whether consolidated immediately upon entry of this Order, or subsequently pursuant to paragraph 3.

4.   Every pleading filed in the Consolidated Actions shall bear the following caption: *In re Verified Identity Pass, Inc. Consumer Litigation*, Southern District of New York, Lead Case No.: 09-cv-5951 (RJH). The files of the

Consolidated Actions shall be maintained in one file under Master File No. 09-cv-5951 (RJH).

5.    Within thirty (30) days from the date of entry of this Order, unless otherwise agreed between the parties and approved by this Court, Interim Lead Counsel shall file a consolidated complaint (the "Consolidated Complaint") which shall be deemed the operative complaint, superseding all complaints filed in any of the Consolidated Actions.

6.    VIP and any other defendants named in the Consolidated Complaint shall have forty-five (45) days to answer, move against, or otherwise respond to the Consolidated Complaint.

7.    Pursuant to Fed. R. Civ. P. 23(g)(3), Interim Co-Lead Counsel for plaintiffs in the Consolidated Actions are Kaplan Fox, Schneider Wallace, and Squitieri & Fearson. Interim Co-Lead Counsel shall serve pending any further order from the Court regarding Interim Co-Lead Counsel or Lead Counsel appointed pursuant to Fed. R. Civ. P. 23(g) in the event that a class is certified.

8.    Interim Co-Lead Counsel shall have authority to speak for plaintiffs in all matters regarding pretrial procedure, motions, trial, and settlement negotiations, and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

9.    Defendants' counsel may rely upon all agreements made with Interim

Lead Counsel, or other duly authorized representatives of Interim Lead

Counsel, and such agreements shall be binding on all plaintiffs.

10.   Interim Lead Counsel and counsel for VIP are directed to serve this Order

upon all attorneys appearing in the cases listed in paragraph 2 above, and

upon any other current or future cases which might properly be

consolidated as part of the lead case.

The Court of the Clerk is directed to terminate motions [10], [14], [21], and [23] in action
09-cv-5951; motions [8] and [12] in action 09-cv-6416; motions [6], [10], [11], and [13]
in 09-cv-6669; motions [8], [12], and [16] in action 09-cv-6670; motions [3] and [10] in
action 09-cv-6678; motions [3] and [9] in action 09-cv-6694; and motions [4] and [8] in
action 09-cv-6947.


SO ORDERED.

Dated: New York, New York
      October 26 , 2009


_____
Richard J. Holwell
United States District Judge